IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1998 SESSION

FILED

December 10, 1998

Cecil W. Crowson
Appellate Court Clerk

RICKY EARL MELVIN,              )
                               )
        Appellant,              )   NO. 01C01-9707-CR-00264
                               )
v.                              )   Davidson County
                               )
                               )   Honorable Thomas H. Shriver,
STATE OF TENNESSEE,             )   Judge
                               )
        Appellee.               )   (Post-Conviction)


For The Appellant:

Marian C. Fordyce
(at trial)
129 Second Ave., North
Nashville, TN  37201-1901


Judson W. Phillips
(on appeal)
315 Deaderick St., Ste. 2395
Nashville, TN  37238

For The Appellee:

John Knox Walkup
Attorney General and Reporter

Daryl J. Brand
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

Victor S. Johnson III
District Attorney General

Kymberly Haas
Assistant District Attorney General
Washington Sq., Ste. 500
222-2nd Ave., North
Nashville, TN  37201-1649


OPINION FILED: _____


AFFIRMED

Joseph M. Tipton
Judge

## O P I N I O N

The petitioner, Ricky Earl Melvin, appeals the dismissal of his petition for post-conviction relief by the Davidson County Criminal Court. Having been convicted of seven counts of aggravated rape and serving an effective sentence of sixty-five years in the Department of Correction, the petitioner contends he received ineffective assistance of counsel. After a careful review of the record, we affirm the judgment of the trial court.

## PROCEDURAL HISTORY

After his first trial ended with a hung jury, the petitioner was convicted at his second trial on seven counts of aggravated rape. The convictions were based upon numerous incidents involving two females under thirteen years of age. He received an effective sentence of eighty-five years. Upon appeal to this court, the sentence was reduced to an effective term of sixty-five years. See State v. Melvin, 913 S.W.2d 195 (Tenn. Crim. App. 1995). Permission to appeal was denied by the Tennessee Supreme Court.

The petitioner timely filed a petition for post-conviction relief alleging ineffective assistance of counsel. After an evidentiary hearing, the trial court dismissed the petition.

## CONTENTIONS OF PETITIONER

The sole issue in this appeal is whether the petitioner was deprived of effective assistance of counsel at his trial. The petitioner contends trial counsel was ineffective in the following respects:

      1.     failing to challenge the testimony of the nurse practitioner;

      2.     failing to utilize the testimony of Dr. Irene Ratner;

      3.     failing to interview other possible suspects;

4. failing to have a victim examined by an expert;

5. failure to seek funding for an investigator; and

6. failing to conduct an adequate investigation of the facts and witnesses.

## POST-CONVICTION HEARING

The only witness to testify at the post-conviction hearing was the petitioner's trial counsel, Thomas T. Overton. A summary of pertinent portions of his testimony follows.

At the trial a nurse practitioner testified as to a victim's physical findings that were consistent with sexual abuse. Overton interviewed the witness prior to trial. Although he did not recall whether he filed a motion in limine to prohibit the testimony, there was no legal basis to do so.

The petitioner's family retained the services of Dr. Irene Ratner for an evaluation. Overton decided not to utilize Dr. Ratner at trial. Overton felt her testimony would likely be inadmissible. Furthermore, he feared her testimony might be damaging because she concluded the petitioner could not be excluded as a possible child sex abuser.

Overton testified that he made efforts to contact other possible suspects but was unsuccessful. Nevertheless, he argued to the jury that other family members could have been responsible for the alleged crimes.

Although Overton had the petitioner evaluated by Dr. Ratner, he did not ask for funding for any other experts to evaluate one of the victims. Overton believed that testimony on child sex abuse syndrome would have been inadmissible. Furthermore, the alleged abuse had taken place years earlier. The victim had intercourse since that time; therefore, an examination would not prove useful.

3

Overton testified that he spent over one hundred hours in preparation for the petitioner's trial. He investigated the facts himself and did not seek funding for an investigator.

**TRIAL COURT'S FINDINGS**

The trial court found that Overton rendered competent representation. It found that Overton was thoroughly prepared for trial and had conducted a proper investigation. The trial court found that the decision not to utilize Dr. Ratner was a proper tactical decision. It further found the failure to secure an expert to perform an examination on one of the victims was reasonable due to the lapse of time since the alleged abuse. The trial court further found the testimony of the nurse practitioner was properly admitted. In conclusion, the trial court found the petitioner had failed to establish ineffective assistance of counsel.

**STANDARD OF REVIEW**

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

The test in Tennessee in determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of

4

acceptable professional assistance. Strickland v. Washington, 466 U.S. at 689, 104 S. Ct. at 2065; Alley v. State, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997); State v. Williams, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996). Therefore, in order to prove a deficiency, a petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. at 688, 104 S. Ct. at 2065; Henley v. State, 960 S.W.2d at 579; Goad v. State, 938 S.W.2d at 369.

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland v. Washington, 466 U.S. at 689, 104 S. Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Goad v. State, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Alley v. State, 958 S.W.2d at 149; Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d at 899; Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). The burden of establishing that the evidence preponderates otherwise is on the petitioner. Henley v. State, 960 S.W.2d at 579.

5

**ANALYSIS**

As to the testimony of the nurse practitioner, the petitioner has not shown that the testimony was inadmissible. This court reached the same conclusion on direct appeal. State v. Melvin, 913 S.W.2d at 200. Accordingly, the petitioner has failed to establish prejudice.

The failure to utilize the testimony of Dr. Ratner was a tactical decision. We may not second-guess this decision.

As to the alleged failure to develop other possible suspects, the petitioner has not shown any deficiency on the part of counsel. Furthermore, he has not established what else trial counsel could have done nor what he would have discovered.

As to the failure to have one of the victims examined by an expert, the petitioner has failed to establish that an examination would have revealed any favorable evidence. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). In short, the petitioner has failed to establish prejudice.

As to the alleged failure to secure the services of an investigator and properly investigate the facts, the petitioner again falls short. The petitioner has failed to establish that a further investigation would reveal favorable evidence. There is no showing of prejudice.

The trial court's findings of fact are conclusive unless the evidence preponderates otherwise. The evidence does not preponderate against the findings of the trial court. We, therefore, conclude petitioner has failed to establish ineffective assistance of counsel.

Based upon the foregoing, we affirm the judgment of the trial court.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
Paul G. Summers, Judge

_____
Joe G. Riley, Judge